Oldham, J., delivered the opinion of fhe court. The 79th chapter, Rev. Stat., sec 5, prescribes the condition of the bpnd, to be executed by ,a defendant in execution, to entitle him to a discharge, until his petition to obtain the benefits of the act, in relation to insolvent debtors, can be heard, and determined : it is, “that he will appeap before the circuit court of the proper county on the first day of t]je next term of said court, held for said cunty, and surrender himself tp prison, in case pn his said appearance, he does not cpmply with every thing required by that act to obtain his discharge.” The bond upon which this suit is brought, is conditioned strictly in accordance with this provision of the statute. — , The declaration assigns as a breach of the condition of the bonj “that the said Jacob Delany did not appear before the circuit court pf Pulaski .cpunty, at tire March term, 1842, on the first Jay of sai(] term, and. prosecute his said petition, &c., nor did he appear at any other day of said term, nor did he comply with the requisites and provisions of the act concerning insolvents, &c., nor did he surrender hifnself in prison in the matter of said judgment and execution, according to the tenor and effect of the said condition of said writing obligatory-” The defendants do not pretend that Delany complied with every thing required by the act, to procure his discharge as an insolvent .debtor, but that he surrendered himself to prison, according to the tenor and effect of the condition of said writing obligatory. Upon the trial it was proven, on the part of the defendant, by Borden, the deputy sheriff, that at the March' term, 1842, Delany surrendered himself to the witness as deputy sheriff, and that he has ever since been in the custody of the sheriff of Pulaski county, but had not, at any time since such surrender, been confined in jail, but had gone wherever he wrnuld, and had taken one or two trips on steam boats. ¿Dther statements are made by the witness unimportant as to the merits of the case. The question here presents itself, by what authority did the deputy sheriff receive Delany into his custody ? The ca. sa., under which he was arrested, was made returnable on the second day of the term, and the sheriff's return does not show that the surrender to the deputy was made, or received, under or by virtue of that process. The surrender to the deputy sheriff was in the absence of all authority, and had he confined Delany in jail, he could have been discharged upon habeas corpus, the sheriff being unable to show any valid warrant of commitment, under the authority of which he kept him in his custody. And the deputy having permitted an escape, by suffering Delany to go at large, the sheriff is not responsible to the plaintiff for the escape, because he was not in custody .under any legal ¡and valid process, authorizing the sheriff to take frim into his custody, and place him in prison. The evidence does not show upon what day of the term, the surrender was made to the deputy sheriff. The condition of the bond was that Delany should appear before the circuit court on the first day of the term, ;and surrender himself in prison, in case, on his said appearance, he did not comply with every thing required by the act, to procure his discharge as an insolvent debtor; and, therefore, if he did not appear bn that' day, and surrender himself in prison, or comply with every thing required by the act, to procure his discharge as an insolvent debtor, he violated the condition of his bond, and a right of action accrued to the plaintiff against Delany and his security. The surrender should have been in court as required by law, and the condition of the bond, so that a legal and valid commitment might have issued by order of the court, requiring the sheriff to detain the defendant in prison. The defendants object that the bill of exceptions was not presented within the time limited by the court. The party had leave to present his bill of exceptions by the 5th, and it was presented, signed and sealed on that day. We are of opinion it was presented in due time. It is also contended that the transcript shows two judgments, one rendered on the 28th and the other on the 30th, and that the bill of exceptions refers only to the judgment of the 30th; that the last judgment is a nullity, and that the first is in full force. The court entertains a different opinion. If there was in- truth a trial and judgment on the 28th, and the court proceeded to try and determine the cause again on the 30th, neither party objecting, it was equivalent to setting aside the judgment first pronounced, and granting a new trial. We, however, regard the first judgment on the transcript as a clerical error, either in copying upon the transcript, or in stating the day upon which it was rendered, inasmuch as the transcript shows a trial and judgment on the 30th, and the judge certifies, in the bill of exceptions, that the trial was had on that day. Let the judgment be reversed.